IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br><br>vs.<br><br><br>THOMAS FRANCIS HALE<br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER<br><br><br><br>Case No. 2:06-CR-871 TS |

This matter comes before the Court on Defendant's Motion to Sever.[1]  Defendant seeks to sever count six of the Superceding Indictment.  Defendant contends that counts one through five are properly joined as they charge Defendant with violating various subsections of the bankruptcy code and that count six is wholly unrelated to the bankruptcy charges because it is brought under 18 U.S.C. § 1038(a)(1), a statute enacted pursuant to the Intelligence Reform and Terrorism Prevention Act of 2004.[2]  Defendant further argues that joinder places him at a disadvantage because raising a defense to the terrorism count will prejudice the jury against him in considering the bankruptcy charges.  The government argues that all six counts are related and

---

[1]Docket No. 27.

[2]Pub. L. 108-458, December 17, 2004, 118 Stat. 3638.

connected in the same scheme and plan to interfere with the bankruptcy trustee and therefore are properly joined.  For the reasons discussed below, the Court will deny the Motion to Sever.

Defendant is charged with two counts of False Bankruptcy Declaration (Counts I and II) based on the filing of a Statement of Financial Affairs and a Statement and Schedules of Assets and Liabilities in which the Defendant allegedly failed to disclose pertinent financial information.  Defendant is also charged with two counts of False Bankruptcy Oath (Counts III and IV) based on testimony given regarding the filing of the previously mentioned documents. Defendant is also charged with one count of Concealment (Count V) for allegedly concealing a purchase agreement for real property from creditors of the bankruptcy estate and trustee in bankruptcy.  Defendant is also charged with one count of False Information and Hoax (Count VI) for allegedly mailing a substance with a message that the substance may contain a biological agent, hantavirus.

Rule 8(a) permits joinder of offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[3]  In *United States v. Johnson*,[4] the Court found joinder of distribution and handgun charges was proper even though the evidence offered no apparent connection.  The Court found that "the handgun was arguably related to and part of Johnson's drug trafficking scheme."[5]

Defendant disputes that the sixth count of False Information and Hoax is related to a

---

[3]Fed. R. Crim. P. 8(a).

[4]130 F.3d 1420 (10th Cir. 1997).

[5]*Id*. at 1427.

common scheme or plan.  Defendant argues that the bankruptcy charges deal with his alleged failure to disclose certain assets, while the sixth charge deals with the alleged mailing of a substance, an act which he argues is wholly unrelated to the false filing and false statement allegations contained in Counts I-V.  The government contends that all six charges are related to the Defendant's overall plan to interfere with the bankruptcy trustee.

The Court finds that all six counts are properly joined based on a broad interpretation of a common plan or scheme.[6]  Defendant attempted to interfere with the bankruptcy trustee's duties when he allegedly made false statements to her regarding his bankruptcy and then again when he allegedly mailed her a biological agent.

In *United States v. Isaacs*,[7] the Seventh Circuit held the word 'transaction' contemplated "a series of many acts depending not so much upon the immediateness of their connection as upon their logical relationship."  The Court finds a logical relationship between the investigation by the trustee into the false statements of the Defendant and the Defendant's alleged offenses.

Defendant next contends that he is prejudiced by the joinder because the sixth count is essentially a terrorism charge that may cause the jury to draw negative inferences about him when considering the other five counts.   Moreover, he contends that severing the counts would only minimally inconvenience the court.

"If the joinder of offenses . . . in an indictment, . . . appears to prejudice a defendant . . .

---

[6]*Id*.

[7]493 F.2d 1124, 1158 (7th Cir. 1974) (finding that joinder of perjury and conspiracy charges, Travel Act and Mail Fraud violations charges was proper as a logical relationship between the charges existed in connection with a common plan to corruptly influence the regulation of horse racing) (internal quotations omitted).

the court may order separate trials of counts[.]"[8]

> The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts.  When joinder of offenses is based upon their "same or similar character," the prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules against evidence of a general criminal disposition or propensity to commit crime.  Particularly since economizing judicial resources is not of great significance when the offenses were on different dates with different witnesses.[9]

In this case, the charges are not based on similar character so much as a common plan or scheme. The Court finds that because the acts underlying all six charges arise from a common scheme, rather than similarity of character, the Defendant did not meet his burden of showing the likelihood of real prejudice such that severance is warranted.  Further, severing the charges would require revisiting the same facts in each trial as related to the common scheme of interfering with the trustee's investigation.  For these reasons, the Court will Deny the motion.

It is therefore

ORDERED that Defendant's Motion to Sever (Docket No. 27) is DENIED.

Dated September 6, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8]Fed. R. Crim. P. 14(a).

[9]*United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993) (Citing 8 James W. Moore, Moore's Federal Practice ¶ 14.03[1] (2d ed. 1991)) (other citation omitted).