IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS F. HALE,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS WITHOUT PREJUDICE<br><br><br><br>Case No. 2:06-CR-871 TS |

    These matters come before the Court on several motions filed by Defendant. For the reasons discussed below, the Court will deny all motions without prejudice.

    Defendant Thomas Hale was indicted on six-count superceding indictment for his alleged crimes related to a bankruptcy filing. Counsel was appointed to represent Defendant and a 3-day trial is scheduled for May 20, 2008.

    On March 20, 2008, several motions were filed by Defendant, acting pro se. Defendant filed two motions in limine,[1] two motions to dismiss,[2] and a motion for inspection of the grand

---

[1] Docket Nos. 73 and 76.

[2] Docket Nos. 74 and 75.

1

jury minutes.[3]

### I.   *Pro Se* Representation

"A criminal defendant is both constitutionally and statutorily entitled to waive his Sixth Amendment right to counsel and proceed pro se in a federal criminal trial."[4]

Defendant states in an objection to a motion in limine filed by the government that he is "represented by [counsel] of the Federal Defender's office."[5]  He further states that he finds his counsel to be exceptional Federal Defenders who are dealing with a large case load.  Defendant further states that all motions will be argued by "defendant's defense attorneys."[6]  Therefore, based on these representations made by the Defendant, the Court does not construe any demand that Defendant be entitled to represent himself.

### II.   Party filings

"All procedural matters relating to attorney admissions, registration, appearance and withdrawal, discipline and removal, and student practice in criminal matters are governed by the applicable civil rules, DUCivR 831-1.1 - 83-1.6."[7]  Under the applicable civil rule, a party that has appeared by an attorney "cannot appear or act thereafter in its own behalf in the action or take any steps therein unless an order of substitution first has been made by the court[.]"[8]

---

[3] Docket No. 74.

[4] *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995).

[5] Docket No. 77 at 1.

[6] *Id*.

[7] DUCrimR 57-12.

[8] DUCivR 83-1.3(c).


jury minutes.[3]

### I.   *Pro Se* Representation

"A criminal defendant is both constitutionally and statutorily entitled to waive his Sixth Amendment right to counsel and proceed pro se in a federal criminal trial."[4]

Defendant states in an objection to a motion in limine filed by the government that he is "represented by [counsel] of the Federal Defender's office."[5]  He further states that he finds his counsel to be exceptional Federal Defenders who are dealing with a large case load.  Defendant further states that all motions will be argued by "defendant's defense attorneys."[6]  Therefore, based on these representations made by the Defendant, the Court does not construe any demand that Defendant be entitled to represent himself.

### II.   Party filings

"All procedural matters relating to attorney admissions, registration, appearance and withdrawal, discipline and removal, and student practice in criminal matters are governed by the applicable civil rules, DUCivR 831-1.1 - 83-1.6."[7]  Under the applicable civil rule, a party that has appeared by an attorney "cannot appear or act thereafter in its own behalf in the action or take any steps therein unless an order of substitution first has been made by the court[.]"[8]

---

[3] Docket No. 74.

[4] *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995).

[5] Docket No. 77 at 1.

[6] *Id*.

[7] DUCrimR 57-12.

[8] DUCivR 83-1.3(c).

The Court finds that because Defendant is represented by counsel, he is not permitted to act in his own behalf in this action. Defendant has not requested that he be allowed to proceed pro se and the Court has not ordered the substitution of his appointed counsel. Therefore, Defendant's motions will be dismissed without prejudice. It is therefore

ORDERED that all of Defendant's motions (Docket Nos. 73, 74, 75 and 76) are dismissed without prejudice. It is further

ORDERED that Defendant's Objection (Docket No. 77) is stricken for the reasons outlined above. Defendant is encouraged to seek the assistance of his appointed counsel in the further resolution of this matter.

DATED   March 24, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge